## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NANCY HEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No.  6:14-cv-01363-EFM-KMH |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### PLAINTIFF'S RESPONSE TO OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT INCORPORATING MEMORANDUM BRIEF IN SUPPORT THEREOF

COMES NOW Nancy Head, through her undersigned counsel, responds and objects to OCWEN Loan Servicing, LLC's Motion to Dismiss [Doc. 4] (hereinafter "Motion") and respectfully requests that this court deny the Motion.  In support thereof, Nancy Head incorporates her Memorandum Brief in this Response.

### I. Overview

Nancy Head filed her Complaint against defendant on November 3, 2014 asserting claims against defendant under the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"). Ocwen Loan Servicing, LLC ("Ocwen") filed its Motion requesting that Nancy Head's FDCPA claim be dismissed.  As outlined below, Ocwen's Motion should be denied.

### II. Facts

On or about March 13, 2003, Nancy Head borrowed the sum of $33,600.00 from Option One Mortgage Corporation and gave a mortgage to Option One for the purchase of the real estate located at 2525 S. Mosley Street, Wichita, KS 67216-1116. Nancy Head made her monthly payments to Option One Mortgage Corporation and, when mortgage servicing

was transferred to Homeward Residential, Inc., mortgage payments were made to that entity.

On or about January 17, 2013, Homeward Residential, Inc. sent a letter to Head advising her she was in default under the terms and conditions of the security agreement. Subsequently, on or about January 28, 2013, Howard Residential transferred servicing to Ocwen.

On or about March 22, 2013, Nancy Head received a past due notice from Ocwen claiming $1,177.48 was due and owing. She continued to make her payments. On or about May 4, 2013, Ocwen sent another notice of default requesting $1,529.06. Nancy Head continued to make her payments and on or about June 6, 2013, she faxed a letter to Ocwen asking to provide her information about the missed payments. Ocwen acknowledged receipt of the letter on July 3, 2013 and advised Nancy Head that Ocwen would respond as per RESPA requirements. Complaint, ¶ 13.

On or about November 2, 2013, Nancy Head received yet another notice of default seeking $2,201.16. Nancy Head continued to make her payments. On or about December 4, 2013, she received another notice of default seeking a payment of $1,804.47. Nancy Head continued to make her payments. Recently, Ocwen has refused to accept mortgage payments from Nancy Head. Ocwen is a debt collector and Nancy Head is a consumer under the FDCPA, 15 U.S.C. § 1692a.

Nancy Head claims that Ocwen violated the provisions of the FDCPA by: 1) misrepresenting the amount of the mortgage payments due and the debt owed; 2) failing to validate the debt when requested by letter on June 6, 2013.  15 U.S.C. § 1692e, § 1692g.

### III. Arguments

1.  Standard for Motions to Dismiss.

Fed. R. Civ. P. 8(a) requires that a complaint contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (9th Cir.1990. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2D 868 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (emphasis added). Although the "plausibility standard" does not rise to the level of a "probability requirement," it does require plaintiff plead sufficient facts that show more than the mere "possibility" of defendant liability; and facts that are more than merely "consistent" with liability. *Id.* Moreover, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly* at 1964-65.

2.      OCWEN is a "Debt Collector" as defined under the FDCPA.

The FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). The statutory definition contains several exclusions. The exclusion applies to "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. 1692a(6)(F)(iii).

When a defendant appears to have acquired plaintiff's home mortgage loan as a debt in default, and because the defendant engaged in debt collection activities based on its

understanding that the debt was delinquent or in default, the defendant is considered a "debt collector" under the FDCPA, regardless of whether plaintiff's home mortgage loan actually was in default. *Purnell v. Arrow Financial Services*, LLC, 2007 U.S. Dist. Lexis 7630 (E.D. Mich. 2007). *Magee v. Alliance One, Ltd.*, 487 F. Supp. 2d 1024 (S.D. In. 2007).

Ocwen is arguing that the loan was not in default when it acquired the servicing of the loan from Homeward Residential on or about January 28, 2013 even though Homeward Residential, Inc. had sent a letter to Head just ten days prior to the servicing transfer to Ocwen advising her she was in default under the terms and conditions of the security agreement.  Ocwen is now contending that Nancy Head's own contentions that she was not in default when the transfer of the servicing rights occurred make Ocwen not a debt collector under the FDCPA.  The Sixth Circuit Court of Appeals has stated the following about such arguments:

> We note this argument is exemplary of an unsettling trend in FDCPA claims. Defendants seek to have it both ways: after having engaged in years of collection activity claiming a mortgage is in default, Defendants now seek to defeat the protections of the FDCPA by relying on Plaintiffs' position throughout those years that the mortgage is not in default. As noted in the analysis of the Third Circuit, FDCPA coverage is not defeated by clever arguments for technical loopholes that seek to devour the protections Congress intended.

*Bridge v. Ocwen Fed. Bank, FSB,* 681 F. 3d 355, 361 (6th Cir. 2012).

Why did Nancy Head then start receiving past due notices from Ocwen shortly after the transfer of servicing rights?  Nancy Head has adequately alleged that Ocwen is a debt collector that it obtained servicing rights on her loan at a time when the prior servicer believed the  loan was in default. Ocwen is a debt collector as defined by the FDCPA.

Defendant's motion to dismiss should be denied.

3.      Head's FDCPA Claim is not Time Barred.

As stated by Ocwen, the statute of limitations for a claim under the FDCPA is one year from the date of the violation. 15 USC §1692k(d). In the complaint, Head recites that she received past due default notices on March 22, 2013, May 4, 2013, June 6, 2013, July 3, 2013, November 2, 2013 and December 4, 2013. The complaint was filed on November 3, 2014. November 2, 2013 was a Saturday, November 3, 2014 was a Sunday, therefore the letter of November 2, 2013 was within the one-year period of limitations. The letter of December 4, 2013 was also within the one-year period of limitations. (Plaintiff's attorney believes discovery will reveal additional violations beyond the referenced letters, however, because this is a motion to dismiss, argument is limited to the allegations of the complaint.)

Plaintiff agrees with Ocwen that the FDCPA violations are premised on misrepresentations as to the amount of the debt and misrepresentations that Head was past due. Plaintiff disagrees that some sort of continuing violation theory applies to the series of letters from Ocwen.

Ocwen refers to two cases in support of the continuing violation theory, *Michalak v. LVNV Funding, LLC*, 2014 WL 1775496 (N.D. Ohio 2014) and *Accord Reese v. JP Morgan Chase & Co.*, 686 F. Supp. 2d 1291 (D.C. Fla. 2009). The first case is an unpublished decision of no precedential value though it may have persuasive value. Both cases utilize the "continuing violation" theory and state the proposition  that if the letters refer to the same debt, then the FDCPA violation accrued on the date of the first letter and subsequent letters did not extend the time period.

The Tenth Circuit has addressed the issue in an unpublished decision, *Solomon v. HSBC Mortgage Corporation,* 395 Fed. Appx. 494 (10th Cir. 2010). In that case, all of Solomon's FDCPA claims were dismissed as barred by the statute of limitations because the

first notice of default letter was sent outside of the one-year statute of limitations. This is the line of reasoning that Ocwen requests the court employ in this case. The Tenth Circuit, found that any claim based on the letter that was outside the one-year statute of limitations was properly dismissed, however the claims within the statutory period were improperly dismissed. As stated by the court, "separate communications can create separate causes of action arising from collection of a single debt." *Id.*,

In footnote 3 of the *Solomon* decision, the Tenth Circuit gives a list of cases supporting this rule as follows: *See, e.g.,* Purnell v. Arrow Financial Services, LLC, *303 Fed. Appx. 297 (6th Cir. 2008);* Brandon v. Financial Accounts Services Team, Inc. *701 F. Supp. 2D 990 (E.D. Tenn. 2010);* Jones v. Baugher*, 689 F. Supp. 2D 825 (W.D. Va. 2010);* Ortiz v. Accounts Receivable Mgmt., Inc., *No. 09-80124-CIV, 2010 WL 547910, at *2 (S.D.Fla. Feb.12, 2010);* Puglisi v. Debt Recovery Solutions, LLC, *No. 08-CV-5024, 2010 WL 376628, at *3 (E.D.N.Y. Jan.26, 2010);* Ehrich v. RJM Acquisitions LLC, *No. 09 CIV. 2696(BMC)(RER), 2009 WL 4545179, at *2 (E.D.N.Y. Dec. 4, 2009);* Craig v. Meyers, *No. C-1-09-31, 2009 WL 3418685, at *4 (S.D.Ohio Oct.19, 2009);* McCorriston v. L.W.T., Inc., *536 F.Supp.2d 1268, 1272 (M.D.Fla.2008)*.

**IV. Defendant's Motion to Dismiss Should be Denied.**

Whether acting under Fed.R.Civ.P. 12(b)(6) or Rule 56, the Court should deny Ocwen's motion to dismiss. As shown above, Ocwen has not established, as a matter of law or as a matter of undisputed fact, that Plaintiff has failed to state in its Complaint at least one claim upon which relief can be granted or at least one "claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S, 554, 570 (2007). In the alternative, to the extent the motion to dismiss is granted, plaintiff requests permission to file a motion to amend the complaint to cure any deficiencies.

For the aforementioned reasons, Ocwen's Motion to Dismiss should be denied, and Plaintiff should be awarded such other and further relief as is just and reasonable.

Respectfully submitted,

BRUCE, BRUCE & LEHMAN, L.L.C.

By _s/ Elizabeth A. Carson_ _____
ELIZABETH A. CARSON, #11356
P.O. Box 75037
Wichita, KS 67275-5037
Telephone: (316) 264-8000
Facsimile: (316) 267-4488
LCarson@KsAdvocates.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2015, a copy of the foregoing Response to Motion to Dismiss was electronically filed with the clerk of the court by using the CM/ECF system and a copy was sent by electronic transmission to the following, to-wit:

Christopher T. Borninger – cborniger@morrislaing.com
300 N Mead Ste 200
Wichita KS 67202
Attorneys for Defendant Ocwen Loan Servicing, LLC

_s/ Elizabeth A. Carson_ _____
ELIZABETH A. CARSON